Argued November 4, affirmed November 26, petition for rehearing
denied December 21, 1976

HERSHISER et al, *Appellants,*

*v.*

UNITED STATES FIDELITY & GUARANTY
COMPANY, *Respondent—Cross-Appellant.*

(Trial Court No. 412-733, Case No. 24404)

556 P2d 663

*Edward H. Warren,* Portland, argued the cause for
appellants. With him on the briefs were Hershiser,
Mitchell & Warren and Wm. H. Mitchell, Portland.

*Cleveland C. Cory,* Portland, argued the cause for

respondent—cross-appellant. With him on the brief were Clarence R. Wicks and Jere M. Webb, Portland.

Before Denecke, Chief Justice, and Holman, Lent and Bohannon, Justices.

BOHANNON, J. (Pro Tempore).

## BOHANNON, J. (Pro Tempore).

This is a quantum meruit action brought by plaintiffs, attorneys at law, to recover the reasonable value of legal services rendered for the benefit of the defendants under the theory of unjust enrichment. There was no express agreement for compensation alleged or proved.

The cause was heard by the court without a jury. At the conclusion of plaintiffs' case the defendants Cosgrave and Kester were granted a judgment of involuntary nonsuit. The case then proceeded to a conclusion against the remaining defendant United States Fidelity & Guaranty Company. At the conclusion of the trial the court made special findings of fact and conclusions of law and entered judgment for plaintiffs. The plaintiffs appeal from the judgment, contending that the judgment entered is inconsistent with the court's finding as to the reasonable value of plaintiffs' services.

The cause of action arises out of the following circumstances.

Prior to April 13, 1972 the Trus-Joist Corporation manufactured wooden roof trusses which it sold to Construction Components, Inc., a retail seller of trusses. On April 13, 1972 one Walter Schmeiser was injured when the trusses on which he was working as a construction worker collapsed during the construction of a building.

Schmeiser then brought an action for his injuries against the manufacturer, Trus-Joist, and the retail seller, Construction Components, Inc. In that litigation, the present defendant, United States Fidelity & Guaranty Company (USF&G) provided its insured Trus-Joist with a defense through the law firm of Cosgrave and Kester. Construction Components, Inc., was provided a defense by its insurance carrier, the Unigard Insurance Company through the plaintiffs.

A trial in that case resulted in a judgment for Walter Schmeiser against both Trus-Joist and Construction Components, Inc., for the sum of $207,032.83.

Both insurers authorized their respective attorneys to appeal to this court.

In a discussion with Walter Cosgrave, attorney for Trus-Joist, Edward H. Warren, a partner in the plaintiff law firm, expressed a willingness to prepare an appellate brief and abstract of record for both defendants.

After determining that there was no conflict of interest on appeal which would operate to prevent Mr. Warren from preparing the brief for both defendants, Mr. Cosgrave agreed that Mr. Warren should prepare a joint brief and abstract on appeal for both defendants.

There was no discussion at that time between the attorneys or USF&G concerning whether or not Mr. Warren would be compensated by USF&G for his efforts in preparing the appeal brief and abstract on behalf of USF&G.

In due course Mr. Warren did prepare a draft of an appeal brief for both defendants and submitted it to Mr. Cosgrave for approval about October 17, 1974. On October 23, 1974 Mr. Warren for the first time brought up the question of his compensation with Mr. Cosgrave and the latter according to his testimony responded:

"And I said, 'Well, Ed, you are certainly entitled to be compensated for your time.' I think I said, 'You are entitled to the reasonable value. You are entitled to recover for your time on a quantum meruit basis.'

"I used that expression. I said that as far as U.S.F. & G. is concerned we had no agreement on this, Ed."

Following this conversation the brief, after final editing, was approved by Mr. Cosgrave and signed by him on behalf of Trus-Joist. The brief was then filed in

the Supreme Court on behalf of both defendants in that litigation.

On December 16, 1974 plaintiffs submitted a statement to Cosgrave and Kester for transmittal to USF&G for their services in preparing the appeal brief in the sum of $1,635.75. This statement was for 36 7/20 hours of work billed at $45 per hour which was approximately half of the total time of 88 ¼ hours plaintiffs expended in perfecting the appeal for both defendants with an allowance for certain work done by Mr. Cosgrave.

USF&G refused to pay the statement submitted by plaintiffs because defendant contended it had no agreement to pay any attorney other than Cosgrave and Kester. It further appears that Mr. Cosgrave did not recommend payment of the statement.

On February 12, 1975 the plaintiffs commenced the present action against the defendants, alleging that the reasonable value of their services was $1,635.75.

On September 18, 1975 this court handed down an opinion in *Schmeiser v. Trus Joist Corp.,* 273 Or 120, 540 P2d 998 (1975), reversing the trial court.

On September 23, 1975 plaintiffs filed an amended complaint in which it was alleged that the reasonable value of the legal services rendered to defendants was the sum of $7,500.

This cause then went to trial on the amended complaint. At the conclusion of the trial the trial judge made oral findings of fact and conclusions of law and entered judgment in favor of the plaintiff for $1,635.75. The oral findings of fact were transcribed and appended to the judgment.

One of the findings of fact made by the trial judge was that the reasonable value of the plaintiffs' services in preparing the brief and abstract on appeal on behalf of the defendants was $7,500.

The plaintiffs in appealing from that judgment contend that having made a finding that the reasonable value of plaintiffs' services was $7,500, the court could not enter judgment for a lesser amount, citing *Maeder Steel Products Co. v. Zanello,* 109 Or 562, 572, 220 P 155 (1923).

Under the particular facts of this case we disagree with plaintiffs' contention.

The theory of plaintiffs' complaint is unjust enrichment. The complaint under which this cause was tried in part contained the following allegations:

"On or about October 23, 1974 and prior to the filing of the said appellate brief and abstract of record with the Oregon Supreme Court, the plaintiffs conferred with defendants and defendants were expressly advised that plaintiffs expected compensation for their services and thereafter, on October 25, 1974, the defendants accepted the benefits of plaintiffs' legal services. *Unless defendants are required to pay for such services, defendants will be unjustly enriched.*" (Emphasis supplied.)

At the trial the plaintiffs introduced evidence tending to show that the reasonable value of plaintiffs' services to USF&G was $7,500, taking into account the time expended, the complexity of the issues and the result obtained. It was this evidence no doubt that led the trial judge to include in his findings of fact a finding that the reasonable value of plaintiffs' services was $7,500. However, the defendant USF&G introduced evidence tending to show that the custom and business practice of insurance companies in employing attorneys to do similar work as that involved here is on an hourly basis without consideration of the result ultimately obtained.

In this case Cosgrave and Kester were in fact engaged by USF&G to represent their assured on an hourly basis ranging from $20 to $50 per hour and billed their time accordingly. Therefore, we think it clear that if Cosgrave and Kester had in fact perfected the appeal in the personal injury case they would have charged for the services on a straight-time basis

similarly to the original billing of plaintiffs in the amount of $1,635.75. This was the view of the trial court as expressed in its findings. We concur because we do not think that in any event the defendant USF&G under a recovery based on unjust enrichment should have to pay more for plaintiffs' services than it would have had to pay its own attorneys for the same work. While there was no direct evidence of what Cosgrave and Kester would have charged for the work done by plaintiffs, it is at least clear that they were employed by USF&G on an hourly basis and would have charged on this basis if they had done the work themselves.

This court held in *Elle v. Babbitt,* 259 Or 590, 609, 488 P2d 440 (1971):

> "The measure of restitution for a benefit conferred on another *is the value of the benefit to the recipient,* not the expense to the party who confers it * * *." (Emphasis supplied.)

It is but a logical extension of this rule to hold as we do that the proper measure of damages in this case was what it would have reasonably cost the defendant USF&G to have its own attorney or another attorney regularly doing defense work at an hourly rate perfect its appeal. Since the trial court clearly reached this result by finding that $1,635.75 was its estimate of what it would have cost defendant to have the work done by someone else such as Mr. Cosgrave, we find no error. There was substantial evidence in the record to support this finding, which included, among other things, the original billings submitted by plaintiffs to USF&G, plaintiffs' supplemented pleadings, and the practice of Mr. Cosgrave's billing on a straight hourly basis. The trial judge's finding that $7,500 was the reasonable value of plaintiffs' services is immaterial and unnecessary to support the judgment since in any reasonable view of the record this sum was not the value of the benefit to the recipient, USF&G.

The judgment is affirmed.