Argued January 24, affirmed February 14, reconsideration denied March 16, petition for review denied April 26, 1977

## HORN, *Respondent,*
### *v.*
## CITY OF ELGIN et al, *Appellants.*
### (No. 23485, CA 6397)
559 P2d 1319

Thomas M. Mosgrove, John Day, argued the cause and filed the briefs for appellants.

Gary J. Susak, LaGrande, argued the cause for respondent. With him on the brief was Gooding & Susak, LaGrande.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

TANZER, J.

**TANZER, J.**

This is an action in tort for damages arising out of the conduct of defendant Kenneth DeLong, a police officer of the City of Elgin. There was a verdict and a judgment for plaintiff and defendants appeal.

The relevant events occurred when Officer DeLong arrived at plaintiff's residence to investigate an anonymous telephone report that plaintiff had been abusing his wife. He encountered plaintiff outside the residence, informed him of the report, and asked to speak with plaintiff's wife. When plaintiff refused this request, stating that his wife was ill, Officer DeLong attempted to force his way into the house. In the altercation which followed, plaintiff struck DeLong and the officer responded by striking plaintiff on the head with a sap.[1] Plaintiff then retreated, but Officer DeLong pursued him, and with gun drawn, placed him under arrest.

Upon arrival at the jail, plaintiff was booked, taken to the hospital for treatment and then returned to jail where he stayed for nearly two days. All criminal charges against plaintiff were subsequently dismissed.

Plaintiff's complaint alleged three causes of action: (1) assault and battery, (2) false imprisonment, and (3) malicious prosecution. The matter was submitted to the jury on all three causes. A $10,000 verdict for plaintiff was returned on the first cause of action. Defense verdicts were returned on the second and third causes of action.

Defendants contend that the trial court erred in denying motions at the close of plaintiff's case and at the end of all evidence, to require plaintiff to elect

---

[1] Sap is a general term which, as applied to weapons, includes a blackjack, slingshot, billy, sandbag, or brass knuckles. Black's Law Dictionary, 1508 (4th ed 1968). There is no indication of the specific weapon which defendant DeLong used. Plaintiff testified that he was struck with the sap a total of three times.

between the first cause of action for assault and battery and the second cause of action for false imprisonment. They argue that both torts arose out of the same transaction and therefore constitute a single cause of action.

Plaintiff contends that there was an appreciable period of time between the first altercation when the assault and battery occurred, and his subsequent arrest. Therefore, plaintiff argues, the two torts arose out of distinct transactions giving rise to two separate causes of action for separate damages.

■ Separate causes of action arising from injury to the person may be joined in one complaint. ORS 16.220(1)(b). Alternative theories of a cause of action may be pleaded in counts. Because it is not always easy to distinguish between alternate theories and separate causes of action, a motion to require election where the question is close may be addressed to the discretion of the trial court. *Cook v. Kinzua Pine Mills Co.,* 207 Or 34, 293 P2d 717 (1956). If alternate, consistent theories of recovery of damages for the same injury are incorrectly pleaded as separate causes of action, that pleading mistake does not alter their true nature and an order requiring plaintiff to elect among them would be error because plaintiff is entitled to have the jury consider all alternative theories which are supported by the evidence. *Smith v. Williams,* 180 Or 626, 178 P2d 710, 173 ALR 1220 (1947).

■ The three counts of this case appear to have been properly segregated and the proper remedy would be by instructions rather than by election. *Kraft v. Montgomery Ward & Co., Inc.,* 220 Or 230, 250, 315 P2d 558, 348 P2d 239, 92 ALR2d 1 (1959). Even if not, however, any error of potential prejudice to defendants was cured by the jury's verdict for plaintiff on only one count. Altogether, the pleading and election issues in this case are controlled by the analogous

holding in *Paget v. Cordes,* 129 Or 224, 235-36, 277 P 101 (1929):

"In the case at bar the question, as to whether there was one cause of action for the first assault and another separate cause of action for the false imprisonment, was very close to the line. * * * Whether the two [events] were separate encounters each of which constitutes a cause of action, or whether they were only parts of one continued encounter, beginning at the desk of the defendant and ending in the jail, was a matter upon which counsel might reasonably have a doubt, and, as a matter of prudence, counsel for plaintiff chose to allege them as separate causes of action. If they were such, they were such as the statutes allowed to be joined, and, if they were two parts of a continuing transaction, the jury had it all before them and no harm was done from the fact that the case was presented by piecemeal pleadings. If plaintiff had sued for the false imprisonment, including in the complaint allegations of the battery which led to the imprisonment, it is altogether probable that the court would have treated it as one transaction. The fact that he made two transactions of it in one complaint did not work an injustice to anybody. It being a matter within the discretion of the court, as shown by the authorities, we cannot say that the court abused its discretion in refusing to require plaintiff to elect, while an injustice would have been done plaintiff in denying either his right of recovery as to the assault and battery, or as to the alleged false imprisonment."

Defendants' motions to require election were correctly denied.

■ Defendants next contend that the jury was improperly instructed. The relevant instructions were as follows:

"*Now, a duly appointed peace officer has no greater authority when acting without a warrant to be on the property of another until he has probable cause to believe that the owner or occupier has committed a crime or was in the process of committing a crime.* Before a peace officer can make an arrest without a warrant, he must inform the person to be arrested of his authority and the reason for the arrest. A police officer who arrests a person without a warrant is liable for false imprison-

ment where the police officer detains or confines the arrested person without first making a lawful arrest.

"Now, the defendants have alleged as a Second Defense to the First Cause of Action that the defendant DeLong was acting in self defense from an assault and battery by the plaintiff upon him.

"The law in regards to this defense is that a person may defend himself against an assault and battery by another with such force as a reasonable man would believe permissible to defend himself and which acts in defense are reasonable, considering the character of the threatened or apparent contact or bodily harm against which he is defending himself. He must also reasonably believe such harm to him can only be prevented by the infliction upon the other of some bodily harm. One being where he has a legal right to be is not obliged to retreat from an assailant, but may defend himself to the extent I just indicated. *Kenneth DeLong, as a matter of law had a right to go up on the premises of the plaintiff to the extent he did investigate any report to him of a crime having occurred upon the premises of plaintiff.*" (italics added.)

Defendants argue that the instructions were contradictory because the first italicized part presented for the jury's resolution the very issue, i.e., the right of Officer DeLong to be on plaintiff's property, which the latter italicized part took away. They maintain that this inconsistency may have confused the jury and that therefore it requires reversal. *Taylor v. Lawrence,* 229 Or 259, 366 P2d 735 (1961).

Jury instructions must be construed as a whole. *Anderson v. White,* 264 Or 607, 506 P2d 690 (1973). When viewed together, the two instructions clearly constitute a statement of the general rule followed by an application of that rule to the particular case. Whatever meaning the general instruction may have had standing alone, it was clearly and unequivocally modified by the subsequent specific instruction. *Cf. Carruthers v. Phillips,* 169 Or 636, 648, 131 P2d 193 (1942). We do not see any reasonable possibility that the jury was misled or confused by the instructions.

Affirmed.