Argued and submitted July 20, reversed and remanded for entry of a judgment
consistent with this opinion October 26, 1981, reconsideration denied January 14,
petition for review allowed February 3, 1982 (292 Or 568)
See later issue Oregon Reports

## CARLSON et ux,
### *Respondents,*
### *v.*
## BLUMENSTEIN et al,
### *Appellants.*

### (No. 103,274, CA 18864)

635 P2d 380

Kathleen Evans, Certified Law Student, Salem, argued the cause for appellants. On the briefs were Dale L. Crandall and Crothers & Crandall, Salem.

Arnie Rothlisberger, Stayton, argued the cause for respondents. With him on the brief was Duncan, Tiger & Rothlisberger, Stayton.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an action for breach of contract. Defendants had contracted to build a new residence for plaintiffs in Salem. Plaintiffs claimed damages for defects in the house, caused by defendants' alleged failure to construct it in a good and workmanlike manner, and sought reimbursement for sums plaintiffs spent on its construction. Defendants counterclaimed for the amount due on the contract, the reasonable value of extra work performed on the Salem house and the reasonable value of work performed on plaintiffs' other house in Mill City, Oregon.

The trial court found for each party on some, but not all, of their claims. It awarded prejudgment interest to plaintiffs, but not to defendants, making plaintiffs the prevailing parties; they were awarded attorney fees and costs. On appeal, defendants contend that the trial court erred in awarding prejudgment interest to plaintiffs, in not awarding interest to defendants, in selecting plaintiffs as the prevailing parties and in allowing recovery for sums plaintiffs voluntarily paid. We reverse and remand.

In their complaint, plaintiffs sought $25,790 to repair defects caused by defendants' failure to construct the house in a good and workmanlike manner; that amount was later amended to $9,300. There was no prayer for prejudgment interest on this sum. Plaintiffs alleged that they had also expended $4,736.44 on labor, materials and payments to complete the house construction. They acknowledged owing $2,677.18 on the construction contract. They sought the difference—incorrectly stated as $1,059.26—with interest at six percent from July 1, 1976. In their counterclaim, defendants requested $2,708.88, with interest from July 1, 1976, as the unpaid contract amount due, before adjustments for sums owed plaintiffs, $2,707.88 plus interest from July 1, 1976, for the reasonable value of extra work performed on the house, and $220.60 plus interest from August 1, 1976, for the reasonable value of work performed on plaintiffs' Mill City house.

Before trial, defendants had tendered full performance of the contract or, in the alternative, $3,000 in full settlement of plaintiffs' claims. After trial to the court, the

trial judge found that plaintiffs were entitled to $3,260 for the cost to repair specific defects in the house and $4,131.59 as reimbursement for items they had paid for but which were defendants' responsibility under the construction contract. The court found that plaintiffs owed defendants $3,677.18[1] on the contract price, $766.76 for extra work performed during the construction of the house, and $220.60 as the reasonable value for work done on plaintiffs' Mill City home. On these findings, the court awarded judgment for plaintiffs against defendants for $2,727.04. The court also awarded prejudgment interest on this amount, making the total award over $3,000. Finally, the court found that, because plaintiffs prevailed on their claim for damages for breach of contract and for credits due, they were the prevailing parties and entitled to attorney's fees pursuant to the contract. Plaintiffs were awarded $2,000 in attorney fees and $165.70 for costs and disbursements.

Defendants contend that plaintiffs are not entitled to prejudgment interest on the damages awarded for defects in the construction, because the amount due was not readily ascertainable and because no request for interest on that sum was made in the pleadings. Defendants claim further that they are entitled to interest on the sums owed by plaintiffs to them. They argue that these adjustments in prejudgment interest would alter the amount recovered by plaintiffs to less than $3,000 so that defendants, not plaintiffs, would be the prevailing parties.

Plaintiffs argue that defendants are not entitled to prejudgment interest on those sums recovered in *quantum meruit,* relying on *In re McKinney's Estate,* 175 Or 28, 149 P2d 980, 151 P2d 459 (1944). In that case, the plaintiff filed a claim for the reasonable value of services rendered by plaintiff in the care and maintenance of an ailing sister. The court held that "until the amount of the claim was established by the judgment of the circuit court no interest thereon was allowable." 175 Or at 40. The court stated:

"Inasmuch as the claimant's demand is based on an implied promise to pay the reasonable value of services,

---

[1] The additional $1,000 is attributed to a short-term loan connected with this transaction.

there was no understanding between the claimant and the decedent as to the value of the services. Nor was there any agreement as to when compensation therefor should be paid. No demand was ever made upon the decedent for payment. The services performed were of such a nature that their value was not ascertainable by computation or by reference to well-known standards of value. The amount, character and value of the services could only be established by evidence." 175 Or at 39.

In a recent case, *City of Portland v. Hoffman Construction Company,* 286 Or 789, 805, 596 P2d 1305 (1979), the court allowed recovery of prejudgment interest on a *quantum meruit* recovery for services rendered. In *Hoffman, quantum meruit* recovery was sought for a specific sum after contracts between the parties had been breached. The court held that payment for the services was due when the services were rendered and, thus, interest was due from that date. 286 Or at 505. *See also, Hill v. Wilson,* 123 Or 193, 199, 261 P 422 (1927).

■ Contrary to plaintiffs' contention, there is no absolute prohibition against the award of prejudgment interest in *quantum meruit* cases. The touchstone is whether the amount sought is "either ascertained or readily ascertainable by simple computation, or by reference to generally recognized standards such as market price * * *," and the time from which interest runs is easily ascertained. *Public Market Co. v. Portland,* 171 Or 522, 625, 130 P2d 624, 138 P2d 916 (1943); *Krieg v. Union Pacific Land Res. Corp.,* 269 Or 221, 234, 525 P2d 48 (1974); *Isler v. Shuck,* 38 Or App 233, 239, 589 P2d 1180 (1979). If so, prejudgment interest may be awarded.

■ In this case, plaintiffs did not dispute the amount claimed for services performed on their Mill City house or the time during which the services were rendered. Their position at trial was that defendants did the work as friends for free. Plaintiffs contended that they did not request or approve the extra work on the Salem residence; but the record shows that they either observed, requested or consented to the additional work. There was no dispute as to the value of those extra items or services. Unlike the amount sought in *In re McKinney's Estate, supra,* the

amount defendants sought in this case was "either ascertained or readily ascertainable." *Krieg v. Union Pacific Land Res. Corp., supra,* 269 Or at 234. On those sums recovered in *quantum meruit,* defendants are entitled to prejudgment interest from the date the services were rendered. *City of Portland v. Hoffman Construction Company, supra,* 286 Or at 805.

■    We now turn to the award of prejudgment interest on the amount recovered by plaintiffs. "[I]n an action at law, a party must plead specifically a foundation for prejudgment interest on monies due." *Gardner v. Meiling,* 280 Or 665, 676, 572 P2d 1012 (1977); *see also, Holman Transfer Co. v. PNB Telephone Co.,* 287 Or 387, 406, 599 P2d 1115 (1979). In this case, the plaintiffs' claim did not include a prayer for prejudgment interest on the amount claimed for defects in the house. Therefore, no interest can be awarded on that sum. Plaintiffs can recover interest only, if at all, on the reimbursement for amounts they expended toward the house construction, $4,131.59, because it is the only amount on which they sought prejudgment interest in their complaint.

Turning to defendants' claims, if they were otherwise entitled to interest, we hold that the trial court erred in the way it treated defendants' right to interest. Defendants were awarded the following amounts on which they sought interest from July 1, 1976:

| | |
|---|---|
| Balance of contract price | $3,677.19 |
| Value of extra work | 766.76 |
| Total | $4,443.95 |

Defendants are entitled to interest on an additional $220.60 from August 1, 1976. On the other hand, plaintiffs were entitled to interest only on $4,131.59 from July 1.

■ ■    The trial court, in calculating prejudgment interest, should have first offset the interest-bearing sums, not all sums, owing to each party. On this corrected basis, defendants are entitled to prejudgment interest on $312.36 ($4,443.95 minus $4,131.59) from July 1, 1976, which figure increases to $532.96 ($312.36 plus $220.60) from August 1, 1976. Even without allowing interest on defendant's

recovery, that recovery reduces plaintiffs' remaining recovery, $3,260.00 for the repair of defects, to less than $3,000 ($3,260 minus either $312.36 or $532.96). Defendants, having tendered $3,000 in settlement, are the prevailing parties, not plaintiffs.

We hold that the trial court erred in computing interest due each party. A precise calculation of the correct amount owed requires remand to the trial court, which then should also award defendants an amount for attorney fees as the prevailing parties. *Wetzstein v. Hemstreet,* 276 Or 623, 555 P2d 1243 (1976).

In their second assignment of error, defendants contend that plaintiffs are not entitled to reimbursement or credit for sums voluntarily expended by them in contemplation of the house construction and that the trial court erred in denying defendants' motion to strike plaintiffs' claim for that credit. Defendants do not dispute the amount of the expenditures, that expenditures were made, or that the paid items were within the contract. They claim that they did not authorize or request the expenditures and that the expenditures interfered with their performance of the contract.

There is evidence from which the trial court could have found that defendants were aware of plaintiffs' expenditures and permitted them to be made; there is no evidence that these expenditures interfered with defendants' contract performance. The trial court properly concluded that plaintiffs were entitled to recover those sums.

Reversed and remanded for entry of a judgment consistent with this opinion.