Argued and submitted September 23, 1985, appeal affirmed in part and reversed in part; reversed on cross-appeal and remanded March 12, 1986

## HAZELWOOD WATER DISTRICT,
*Appellant - Cross-Respondent,*

*v.*

## FIRST UNION MANAGEMENT, INC.,
*Defendant,*

## FIRST UNION REAL ESTATE EQUITY AND MORTGAGE INVESTMENTS,
*Respondent - Cross-Appellant.*

## (A8202-00669; CA A31772)

715 P2d 498

George E. Birnie, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Arnold L. Gray, Portland, argued the cause for respondent - cross-appellant. On the brief were Charles F. Adams, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Hazelwood Water District brought this action in *quantum meruit* to recover the value of construction and installation of two master water meters and two anti-backflow devices that it furnished to defendant First Union Real Estate Equity and Mortgage Investments.[1] The trial court found for plaintiff but reduced its recovery by 25 percent, because a portion of the property served by the new devices was owned by Montgomery Ward, not a party to the action. Plaintiff appeals the apportioning of the award as well as the denial of prejudgment interest. Defendant cross-appeals, asserting that it should not be liable for the cost of the master water meters.

Defendant is the owner of a portion of a shopping center complex known as Mall 205. Montgomery Ward owns the portion of the complex on which its retail store and other facilities are located. In 1980, plaintiff's engineer inspected the Mall 205 water service lines and concluded that the complex's multiple metering system, adopted by plaintiff's predecessor, was in violation of the water district's regulations. Plaintiff notified defendant of the need for installation of two master water meters and two backflow prevention devices and also informed defendant that, if defendant did not install the devices itself, plaintiff would provide for installation and charge defendant for the cost. Defendant did not agree either to install the devices or to pay for them. Plaintiff then had the installation completed and, when defendant denied responsibility for the charges, brought this action.

The trial court concluded that the master water meters and anti-backflow devices were necessary and that defendant was obligated to pay the cost of installation in proportion to its water use at Mall 205. The court found that defendant used 75 percent of the water supplied to Mall 205 and that Montgomery Ward, as owner of a part of the mall complex, used 25 percent. Therefore, judgment was entered against defendant for 75 percent of the total cost. Plaintiff's prayer for prejudgment interest was denied.

Plaintiff first challenges the apportioning of defendant's obligation based on the amount of water usage. It

---

[1] First Union Management, Inc., is not involved in this appeal.

argues that the charge is not an assessment for which payment is based on proportional ownership but is instead a charge to a water user for facilities that bring the user into compliance with the district's regulations. Defendant cross-appeals, asserting that it is not responsible for the cost of the master water meters, because the meters are of no benefit to it.

■     The action was brought as *quantum meruit,*[2] the policy underlying which is prevention of unjust enrichment. *See, e.g., Derenco v. Benj. Franklin Fed. Sav. and Loan,* 281 Or 533, 577 P2d 477, *cert den* 439 US 1051 (1978). A plaintiff is entitled to restitution if it can show that the defendant was enriched by its actions and that it would be unjust for defendant to retain the benefit without paying.

A person is benefited when another party fulfills his legal duty for him. The acting party

> "* * * who has performed the duty of another by supplying things or services, although acting without the other's knowledge or consent, is entitled to restitution from the other if * * * the things or services supplied were immediately necessary to satisfy the requirements of public decency, health, or safety." Restatement Restitution §§ 112, 115 (1937).

By allowing recovery in such situations, the legal system encourages direct remedial action by outside parties when members of the public are likely to be directly injured or seriously inconvenienced through the obligated party's non-performance of some legal duty. Restatement Restitution, *supra,* § 112, comment *a.* A plaintiff may recover if the public would have been seriously harmed had the duty not been performed. Douthwaite, *Attorney's Guide to Restitution* 26 (1977).

Defendant does not challenge its obligation to pay the cost of anti-backflow devices, which serve to protect the public from the possibility that pollutants from defendant's water use facilities will enter the public water system. The master

---

[2] Plaintiff has the authority, after following proper procedures, to assess costs of improvements to the water user. ORS 264.362. There was no attempt here to use the assessment procedure. Plaintiff is correct, then, when it says that this case is not based on an assessment theory. It is not correct, however, when it concludes that the cost of services cannot be apportioned between property owners. This is an action in *quantum meruit,* and the amount of recovery is determined in accordance with *quantum meruit* principles.

water meters, however, serve no such purpose. Defendant therefore asserts that it bears no responsibility for the cost of the meters and their installation.

■ ■ Plaintiff's water district regulations require that a service connection between the water district facilities and the water user's private water line be located only on a public road. Because of an arrangement made between the parties' predecessors at the time Mall 205 was constructed, the mall's water system was not in compliance with the rules. Plaintiff decided to bring the mall into compliance and installed on the public road the two master water meters for which it now seeks restitution. Plaintiff concedes that the water meters are of no benefit to defendant and, in fact, are a detriment. It does not attempt to argue that installation of the meters was necessary to protect the public health or safety. Because *quantum meruit* recovery is based on unjust enrichment, where no benefit is conferred, the recipient is not liable for the cost of services provided. The trial court improperly ordered defendant to pay the cost of the master water meters.[3]

■ ■ The trial court correctly apportioned defendant's obligation to pay according to its percentage of water use. The measure of *quantum meruit* is the reasonable value of the benefit to the recipient. *Hershiser v. U.S. Fidelity & Guaranty,* 276 Or 815, 556 P2d 663 (1976); *Elle v. Babbitt,* 259 Or 590, 488 P2d 440 (1971). Plaintiff's installation of the anti-backflow devices benefited defendant by satisfying its legal duty to prevent pollution. The amount of the benefit was proportionate to the water use by each of the property owners served by the water line. The trial court, therefore, correctly reduced defendant's obligation by the proportional amount of Montgomery Ward's water use.

■ ■ Plaintiff also assigns as error denial of prejudgment interest. Prejudgment interest is proper in *quantum meruit* cases if the exact amount owing is ascertained or ascertainable by simple computation or by reference to generally recognized standards and where the time from which interest must run

---

[3] Plaintiff water district had the means, through termination of defendant's water service, to force defendant to comply with its rules. ORS 264.306. Its choice, instead, to proceed with installation of the water meters without an agreement by defendant to pay the cost was done at plaintiff's risk. It cannot now require defendant to pay restitution for its unauthorized actions.

can be ascertained. *Public Market Co. v. Portland,* 171 Or 522, 130 P2d 624, 138 P2d 916 (1943); *Carlson v. Blumenstein,* 54 Or App 380, 635 P2d 380 (1981), *affirmed as modified* 293 Or 494 (1982). The fact that liability is disputed or that the amount is not fully ascertained until issues of fact have been resolved does not preclude prejudgment interest. *Banister Continental Corp. v. NW Pipeline Corp.,* 76 Or App 282, 709 P2d 1103 (1985); *Laro Lumber Company v. Patrick,* 52 Or App 1035, 630 P2d 400 (1981). Although there are questions of fact about the amounts owed, that does not mean that defendant did not owe sums certain at dates certain. *Isler v. Shuck,* 38 Or App 233, 589 P2d 1180 (1979).

■ Denial of prejudgment interest in this case was error. The amount owing was easily ascertainable. The restitution prayed for was the actual cost to plaintiff of providing the services, which the trial court found to be reasonable. There was no serious dispute about the percentage of water usage by Montgomery Ward. The only real issues were liability for the water meters and whether apportionment was proper. The date from which interest was due was ascertained; there was at least some amount due when the work was completed.

Defendant does not dispute that $14,300 is the amount attributable to installation of the master water meters. Therefore, the cost that should be apportioned is $50,722.81. Plaintiff is entitled to 75 percent of that amount, or $38,042.00, plus interest from January 1, 1981.

Appeal affirmed in part and reversed in part; reversed on cross-appeal and remanded for entry of new judgment.