## COMPTON,
*Respondent,*

*v.*

## HASTINGS et ux,
*Appellants.*

### (84-2754-J-2; CA A40152)

742 P2d 75

Richard A. Stark and Stark and Hammack, Medford, filed the brief for appellants.

Walter D. Nunley, Medford, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Plaintiff brought this action to recover for work done on defendants' property, alleging alternative claims based on contract, account stated and *quantum meruit.* After a jury trial, plaintiff was awarded judgment on the *quantum meruit* claim, plus interest at the statutory rate from the date the work was completed. Defendants appeal, and we affirm.

Defendants' first three assignments of error concern the contract claim. Any error of potential prejudice to defendants on that claim was cured by the jury's verdict for plaintiff on the *quantum meruit* claim. *See Horn v. City of Elgin,* 28 Or App 545, 548, 559 P2d 1319, *rev den* (1977). The fourth assignment concerns the award of prejudgment interest. In *Hazelwood Water Dist. v. First Union Management,* 78 Or App 226, 715 P2d 498 (1986), we stated:

> "Prejudgment interest is proper in *quantum meruit* cases if the exact amount owing is ascertained or ascertainable by simple computation or by reference to generally recognized standards and where the time from which interest must run can be ascertained." 78 Or App at 230. (Citations omitted.)

*See also City of Portland v. Hoffman Const. Co.,* 286 Or 789, 805, 596 P2d 1305 (1979). Here, the amount owing was ascertainable, and the date when the work was completed was not in dispute. The award of prejudgment interest, starting from that date, was not error.

Affirmed.