Argued and submitted November 28, 1983, affirmed January 25, 1984

# QUEIROLO et al,
*Petitioners,*

*v.*

# BUILDERS BOARD et al,
*Respondents.*

(7976-104; CA A27372)

675 P2d 508

Magar E. Magar, Portland, argued the cause and filed the brief for petitioners.

Roy E. Pulvers, Assistant Attorney General, Salem, argued the cause for respondent Builders Board. With him on the brief were Dave Frohnmayer, Attorney General, William F. Gary, Deputy Attorney General, James E. Mountain, Jr., Solicitor General, and Sally Leisure, Special Assistant Attorney General, Salem.

No appearance for respondent Donald Reum.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Petitioners appeal from an order of the Builders Board that dismissed their claim against respondent Reum on his builder's bond because it was not timely filed. ORS 701.145. We affirm.[1]

ORS 701.145 provides that claims against builders may be filed in the form that the Board prescribes. *See* OAR 812-11-055;[2] ORS 701.235. The Board rules also require that "a claim for breach of contract * * * relating to a structure which was previously existing * * * must be received by the Agency no later than one year following the date on which * * * the work was substantially completed." OAR 812-11-052(2)(a); *see* ORS 701.235.

The Board found that respondent Reum, the contractor, substantially completed the work on September 10, 1980, but that petitioners' claim was not filed until March 10, 1982. The board's findings are supported by substantial evidence. ORS 183.482(8)(c). Petitioners filed their claim too late.

Petitioners argue that their attorney's letter to the Board dated August 27, 1981, complied with ORS 701.155[3] and gave timely notice of their claim to the Board.[4] That letter, however, did not substantially comply with the form of statement of claim that the Board required. *See* OAR 812-11-055. ORS 701.155, moreover, did not govern or provide a substitute for filing the Statement of Claim with the Board, but presupposed that it already had been filed. The Board did not

---

[1] *See also Langfus, Inc. v. Queirolo,* 64 Or App 493, 668 P2d 1245, *rev den* 296 Or 237 (1983), a related proceeding.

[2] References are to rules then in effect.

[3] The attorney's letter to the Board stated:

"This is to advise you that Louie and Harriet Queirolo have a claim against Donald Reum for failure to pay for carpeting. The claim is in the amount of $1900 for the carpet and $1500 for attorney's fees to defend against the carpet merchant."

[4] *Former* ORS 701.155 provides:

"A person having a claim against a builder shall give the Board notice of the claim by registered or certified mail 90 days before any action on any bond or deposit is commenced."

It was repealed by Or Laws 1981, ch 618, § 18, effective November 1, 1981.

consider the attorney's letter a Statement of Claim. It was not required to do so. OAR 812-11-050(2)(b).[5]

Affirmed.

---

[5] *Former* OAR 812-11-050(2)(b), whose validity petitioners do not challenge, provided:

"Statements of Claim which are incomplete or otherwise not in substantial compliance with rule 812-11-055 may be returned to the claimant and considered to not have been filed. The Board will retain no record of such claims. If a Statement of Claim which is returned to the claimant by the Board is later completed or otherwise brought into substantial compliance with rule 812-11-055 and resubmitted to the Board, it shall be deemed to have been filed on the date the resubmitted Statement of Claim is received by the Board."