Argued and submitted May 25, affirmed as modified September 7, reconsideration denied November 10, petition for review denied December 28, 1983 (296 Or 237)

## LANGFUS, INC.,
dba Carpet City,
*Respondent,*

*v.*

## QUEIROLO et ux,
*Defendants - Third Party Plaintiffs - Appellants,*

*v.*

## REUM et al,
*Third Party Defendants - Respondents.*

(216775; A24602)

668 P2d 1245

Magar E. Magar, Portland, argued the cause and filed the brief for defendants - third party plaintiffs - appellants.

Roscoe C. Nelson, Portland, argued the cause for respondent. With him on the brief was Nelson & Nelson, Portland.

John P. Crowell, Portland, argued the cause for third party defendant - respondent Western Surety Company. With him on the brief was Morrison, Dunn, Carney, Allen & Tongue, Portland.

No appearance for third party defendant - respondent Don Reum.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff sued for the balance of the purchase price of carpets. Defendants' answer alleged that plaintiff had obtained the sales contract by fraud. Defendants appeal from a judgment for plaintiff for $1703.89, plus prejudgment interest, plus $1500 attorney fees.

Defendants assign as errors that the trial court, following the jury verdict, included prejudgment interest in plaintiff's judgment, although the verdict omitted it, awarded plaintiff attorney fees of $1500, and instructed the jury that defendants must establish their fraud defense by "clear and convincing evidence." We modify the judgment to eliminate the provision for prejudgment interest and affirm it as modified.

Defendants filed a third-party complaint for indemnity against the contractor who installed the carpets and Western Surety Company (Surety), the surety on the contractor's builder's bond. Defendants obtained a default judgment against the contractor for $1900, but the court granted Surety a summary judgment, from which defendants also appeal. We discuss the judgment for Surety first.

Defendants pleaded that they gave the Builders Board timely notice of their claim 90 days prior to filing their third-party complaint.[1] ORS 701.155, as in effect at the time, required that a claimant give the Board notice 90 days before the commencement of any action on the builder's bond.[2]

---

[1] Before defendants took a default judgment against the contractor, Surety moved to dismiss defendants' third-party complaint for failure to allege that notice had been given to the Builder's Board pursuant to former ORS 701.155. The motion was granted, and the third-party complaint was "dismissed" without prejudice. Defendants thereafter amended their third-party complaint by alleging notice of claim to the Builder's Board.

[2] ORS 701.155 provided:

"A person having a claim against a builder shall give the board notice of the claim by registered or certified mail 90 days before any action on the bond or deposit is commenced."

On August 17, 1981, ten days prior to the date of defendants' notice, ORS 701.155 was repealed, effective November 1, 1981. Or Laws 1981, ch 618, § 18. ORS 701.085 was amended to provide in subsection (5):

"The bond required under this section is for the exclusive purpose of payment of final orders of the board in accordance with this chapter",
and to provide in subsection (7):

Surety moved for summary judgment on March 8, 1982. Attached to its motion was a certification from the Board that its records showed that defendants had not filed a claim against the contractor with it. Defendants did not object that the attachment was in the form of a certification rather than an affidavit, and the trial court considered it. *See Flavel v. Pacific Power & Light,* 43 Or App 917, 920, 607 P2d 731 (1979), *rev den* 289 Or 45 (1980). Defendants filed no response to Surety's motion, although they could not rest on the allegations in their pleadings. ORCP 47D; *Anderson v. Portland Comm. College,* 37 Or App 817, 588 P2d 128 (1978), *rev den* 285 Or 195 (1979).

The record contains an affidavit of defendants' counsel, dated April 1, 1982, stating that he had sent notice of the claim to the Board on or about August 27, 1981. It also contains a copy of the notice and the certified mail return receipt showing that the board received the letter on September 9, 1981, more than 90 days before defendants filed their third-party complaint against the contractor and Surety. The record, however, does not disclose that defendants filed the affidavit or letter with the trial court, or otherwise brought them to the trial court's attention, before the trial court ruled on Surety's summary judgment motion.

■ Defendants' counsel wrote to the trial court on April 9, 1982, requesting reconsideration of the summary judgment motion. The trial court denied the request:

> "*At the time this matter was heard, you did not wish it on the record and you did not wish to submit anything further.* I informed both parties that I would decide within a few hours and both of you were agreeable. The matter is closed." (Emphasis supplied.)

Accordingly, it appears on this record that the sole documentation before the trial court was Surety's motion for summary judgment and the supporting certification from the Board. We find the trial court did not err in granting Surety's motion and dismissing defendants' third-party complaint.

---

"No suit or action may be commenced against a surety on a bond required under this section until 90 days after the date that the surety is notified by the board under ORS 701.140 that payment is due on the claim."

These amendments, also, did not take effect until November 1, 1981.

■ With respect to defendants' appeal from plaintiff's judgment, the carpet contract between plaintiff and defendants provides that past due accounts carry interest at 18 percent per annum. Following the jury verdict for plaintiff of $1,703.89, the court entered judgment against defendants for that sum "together with interest at the rate of 18 percent per annum from November 15, 1980, until paid."

ORCP 61A(2) provides:

> "When a general verdict is found in favor of a party asserting a claim for the recovery of money, the jury shall also assess the amount of recovery. * * *"

In *Printing Industry v. Banks,* 150 Or 554, 46 P2d 596 (1935), the court considered substantially similar language in section 2-405, Oregon Code 1930, and stated that

> "* * * in an action for the recovery of money where the verdict contains no reference to interest on the principal sum and the jury has been discharged, the court has no power to render judgment for interest; * * * the only remedy in such a case is a motion for a new trial * * *." 150 Or at 565.

*See also State Highway Com'n v. Deal et al.,* 191 Or 661, 682-83, 233 P2d 242 (1951). Although the jury is not required to compute the amount of interest, the verdict must provide for the recovery of interest before the court may include interest in the judgment and compute the specific amount due. Here the verdict did not mention interest. Accordingly, we modify plaintiff's judgment to strike the provision for prejudgment interest.

■ Defendants argue that the court erred in awarding plaintiff $1,500 as an attorney fee. In the carpet contract defendant agreed to pay a reasonable attorney fee if the contract was referred to an attorney for collection. Before trial, the parties stipulated that the court could set an attorney fee for the prevailing party. After judgment, defendants objected to the amount allowed. At the hearing pursuant to ORCP 68C(4)(c) plaintiff's attorney submitted his affidavit and other evidence of the time he spent, its necessity and his hourly rate and that the charges were reasonable. The trial court did not err.

■ The court instructed the jury that defendants must prove the elements of their fraud defense by "clear and con-

vincing evidence." Defendants argue that the instruction contravenes ORS 10.095(5), which provides that the jury "on all proper occasions" is to be instructed in civil cases that the jury's finding "shall be according to the preponderance of the evidence." The Oregon Supreme Court, however, has stated that in actions for common law fraud the proof must be established by "clear and convincing evidence." *See Cook v. Michael,* 214 Or 513, 527, 330 P2d 1026 (1958); *See also Mutual of Enumclaw Ins. v. McBride,* 295 Or 398, 667 P2d 494 (1983).

Affirmed as to third party defendant Western Surety Company; plaintiffs' judgment against defendants is modified by striking prejudgment interest and, except as modified, affirmed.