Argued and submitted June 14, affirmed December 26, 1985, reconsideration denied
February 14, petition for review denied March 4, 1986 (300 Or 563)

# HOEKSTRE et al,
*Respondents,*

v.

# GOLDEN B. PRODUCTS, INC. et al,
*Respondents.*

# HARRISON,
*Respondent,*

v.

# RUDIE,
*Appellant.*

(98,450, 127,420; CA A31718)

712 P2d 149

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

Alexander A. Wold, Jr., Eugene, Oregon, argued the cause for respondent Harrison. With him on the brief was Dwyer, Simpson, & Wold, P.C., Eugene.

No appearance for respondents Hoekstre and Golden B. Products, Inc.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant Rudie (defendant) appeals from a judgment in a legal malpractice case. The malpractice was alleged to have occurred during his representation of *Golden B. Products, Inc.* (Golden B.) and Harrison, president of Golden B., in a shareholder's derivative suit, which will be referred to as "the Hoekstre case." Harrison, plaintiff in the instant action, charged defendant with negligence in his representation at trial and on appeal of the Hoekstre case.[1] He specifically alleged that defendant was negligent in failing to file proper motions, in inadequately preparing for trial, in failing to appear to contest the awards of judgment and attorney fees and in causing the appeal to be dismissed. Plaintiff obtained a verdict for the amount of his prayer.

Defendant's first assignment contends that the trial court erred in submitting to the jury the issue of the probable result of the appeal of the Hoekstre case. This court dismissed defendant's appeal of the Hoekstre case judgment, because defendant failed to secure an appeal bond. The trial court instructed the jury that defendant was negligent as a matter of law in failing to post a bond on appeal, and defendant does not contest that. The trial court also instructed the jury, over defendant's objection, that it should decide by a preponderance of the evidence whether or not this court would have affirmed or reversed the judgment, had defendant taken a proper appeal.

Defendant contends that the issue of the probable success of an appeal of an action at law or a suit in equity is an issue of law which the trial court should have decided. That is not correct. When a defendant attorney is negligent in the conduct of an appeal, the plaintiff in the malpractice case must prove that the result of the appeal would likely have been favorable in order to prove that the defendant's negligence caused the plaintiff's damages. *Chocktoot v. Smith,* 280 Or 567, 571 P2d 1255 (1977), holds that, in determining the consequences of an attorney's negligence, questions of fact are for the jury and questions of law are for the trial court. In an appeal from an action at law, an appellant may raise only

---

[1] The only issues in this case are between Harrison and Rudie. The underlying case of Frank and Shirley Hoekstre v. Golden B. Products, Inc., and Bert W. Harrison is not before us except as the factual background from which this legal malpractice case arises.

questions of law; in that case the issue of the probable success of the appeal presents only questions of law.[2] Judicial review on appeal in an action in equity is *de novo,* ORS 19.125(3), and may present issues both of law and fact.[3] When an appeal in equity would turn on a *de novo* review of the facts, the issue of the probable success of the appeal presents a factual question, which is for the jury in the malpractice action to decide. *Chocktoot v. Smith, supra,* 280 Or at 575.

■ The Hoekstre case was a shareholder's derivative suit in which the plaintiffs sought a recovery on behalf of the corporation against Harrison, president and majority shareholder of Golden B. The Hoekstres alleged that Harrison had paid inadequate consideration for his shares, was negligent in managing the corporation and had breached his fiduciary duty by competing with the corporation for business. A shareholder's derivative suit is in equity. *Krause v. Mason,* 272 Or 351, 358, 537 P2d 105 (1975); *Davis v. Hofer,* 38 Or 150, 63 P 56 (1900). Defendant does not discuss whether issues of law or fact would have been raised on appeal of the judgment in the Hoekstre case, but he contends that in all cases the issue of probable success of an appeal is one of law. As we have pointed out, that contention is incorrect. We assume that the trial court found that the issues were factual, because that finding supports his ruling that the issue of the probable success of the appeal was for the jury to decide. The trial court did not err in submitting to the jury the issue of the probable outcome on appeal of the Hoekstre case.

■ The Hoekstres, in their action against Golden B. and Harrison, prayed for an award of attorney fees against Golden B. The court awarded $10,000 in attorney fees against Harrison, not against the corporation. Defendant's next assignments contend that the trial court erred in directing the jury that those fees should have been assessed against the corporation. He claims that that issue presented a jury question.[4] The

---

[2] *See, e.g., Bock v. Zittenfield,* 66 Or App 97, 99, 672 P2d 1237 (1983) *rev den* 296 Or 486 (1984); *St. Paul Fire & Marine Ins. v. Speerstra,* 63 Or App 533, 540, 666 P2d 255, *rev den* 295 Or 773 (1983).

[3] *Sola v. Clostermann,* 67 Or App 468, 679 P2d 317, *rev den* 297 Or 547 (1984), is an example of attorney malpractice in an equity action whose appeal would have presented a question of law.

[4] Defendant also argues that it is improper for a court to direct a verdict for fewer

court ruled that the award would have been modified on appeal as a matter of law and therefore removed the issue from the jury's consideration and added the $10,000 to plaintiff's judgment. The trial court correctly ruled that, when a shareholder's derivative suit results in a benefit to the corporation, attorney fees are chargeable against the corporation. *Krause v. Mason, supra,* 272 Or at 358, 19 Am Jur 2d, *Corporations,* § 588. The court properly ruled that $10,000 of the judgment against Harrison would have been reversed on appeal as a matter of law, and it did not err in entering judgment for plaintiff for that amount.

■ Defendant's next assignment contends that the trial court erred in admitting in evidence a copy of a letter which the Hoekstres' attorney allegedly sent to defendant during the course of the Hoekstre case. Defendant objected that there was no foundation for the letter, because there was no proof that the letter was mailed. The letter was dated March 11, 1980, and the attorney testified that, although he did not personally mail it, he directed that it be mailed according to his regular practice. Defendant testified that he did receive the letter, although not until "much later" than March 11th. Because defendant admitted receiving the letter, he cannot object to its admission on the ground that there was no proof of its being mailed.

Defendant's next assignment contests the trial court's ruling that it would add to the judgment interest accrued on the judgment in the Hoekstre case, as a matter of law, if the jury returned a verdict in plaintiff's favor. Defendant argued that interest presented a jury question and that interest must appear in the jury's verdict to be recoverable. He relies on *Langfus, Inc. v. Queirolo,* 64 Or App 493, 497, 668 P2d

than all the elements of a claim. *NW Pac. Indem. v. Junction City Water Dist.,* 296 Or 365, 372 n 1, 677 P2d 671 (1984), which was issued after the trial in this case, indicates that the proper procedure is to request a peremptory instruction that a movant is entitled to prevail on one or more elements of a claim as a matter of law. Although the procedure in requesting a directed verdict is different from requesting a peremptory instruction, the effect is the same. Both remove an issue from the jury's consideration, and both rulings are reviewable on appeal. We treat this motion for a partial directed verdict as one for a peremptory instruction for purposes of review. We also note that *Crooks v. Payless Drug Stores,* 285 Or 481, 592 P2d 196 (1979), approves of directing a verdict as to fewer than all the issues in a case.

1245, *rev den* 296 Or 237 (1983), and ORCP 61A(2).[5] That reliance is wholly misplaced. That case involved a claim for prejudgment interest which depended on the resolution of disputed facts which would be within the province of the jury to decide. Because the claim was not submitted to the jury, the judgment for interest was disallowed.

In this case, plaintiff moved for a directed verdict as to its right to recover interest on the Hoekstre case judgment if the jury returned a verdict in his favor, and the court granted the motion. *See* n 4, *supra.* Plaintiff's right to recover that interest does not rest on a factual issue, and the court properly removed that element of damages from the jury's consideration. Interest accrues on a judgment automatically, as a matter of law. ORS 82.010(3). If the jury were to decide, as it did, that defendant's negligence caused a judgment to be entered against plaintiff in the Hoekstre case, the interest accrued on that judgment is a necessary element of plaintiff's damages. There is no question of fact as to the rate of interest or the date from which it began to accrue, because both are provided by statute. Neither is there a factual question as to whether the interest accrued on the judgment; it did so automatically.

Defendant's next assignments contest the admission of testimony that the judge in the Hoekstre case reprimanded defendant for not being prepared for trial. Defendant objected to the testimony as "irrelevant" and on no other basis. The testimony was not irrelevant to the issue of defendant's negligence in conducting the trial. The trial court did not err in overruling the objection on the ground of relevancy.

Defendant's final assignments contest the court's overruling objections to two questions put to defendant by plaintiff on direct examination. The first came in the following exchange:

"Q Isn't it true that during this time period you were very involved with—how can I put it—with lawsuits that involved various church—I don't want to say church

---

[5] ORCP 61A (2) provides, in pertinent part:

"When a general verdict is found in favor of a party asserting a claim for the recovery of money, the jury shall also assess the amount of recovery. * * *"

—religious groups, removal of people from various religious groups?

"MR. PULLEN: Your Honor, I'm going to object to that. Any slight relevance is overcome by—

"THE COURT: Other litigation, put it that way, other activity.

"Q (By Mr. Wold) That's right, other activities?

"A I was involved in many kinds of litigation; that's correct.

"Q Specifically, didn't you have a very important matter that was originally set for the same time as this trial, the same time period?

"A I was associate counsel with three other lawyers on a very large case that did come to trial later that summer; that's correct. I did not participate in the trial of that matter. You're referring, I think, to *Christopherson v. Church of Scientology?*

"Q Yes.

"A That's correct."

■ Defendant argues that plaintiff tried to prejudice him by showing that he was involved in controversial litigation and that forced him to explain, in closing, that he represented the plaintiff in the action against the Church of Scientology. We think that plaintiff's question was a proper attempt to show that defendant's preoccupation with another important matter caused him to neglect plaintiff's case. Defendant himself chose to mention and discuss the Scientology case. The court did nor err in allowing the rephrased question.

■ Defendant also objected to a question as to who was looking after defendant's practice while he was out of town for several months involved with the other litigation. Defendant objected that plaintiff had not alleged that he was negligent in failing to have someone look after his business. Plaintiff did allege that defendant was negligent "in failing to appear or file appropriate motions to contest the trial court's award of judgment [and] attorney fees" in the Hoekstre case. Testimony that defendant did not have anyone monitoring his mail to alert him to the hearing or entry of judgment in the Hoekstre case serves to prove the allegations. Plaintiff pled

the ultimate facts of negligence, ORCP 18, and the evidence was properly admitted to prove the allegations pled.

Affirmed.