Submitted February 24, affirmed September 2, appellant's petition for reconsideration filed September 16 allowed by opinion December 9, 2009
See 232 Or App 353, _____ P3d _____ (2009)

# Jahangir FARHANG,
*Plaintiff-Appellant,*

*v.*

# Razi KARIMINASER,
*Defendant-Respondent.*

## Clackamas County Circuit Court
CV06120132; A138155

217 P3d 218

run.

Martin M. Fisher and Ackley Melendy & Kelly, LLP, filed the briefs for appellant.

Geoffrey B. Silverman filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiff appeals the trial court's judgment awarding him $120,000 in damages but denying him prejudgment interest. He asserts that the trial court erred in concluding that the proper amount of prejudgment interest was not readily ascertainable. We review for legal error, *Emmert v. No Problem Harry, Inc.*, 222 Or App 151, 158, 192 P3d 844 (2008), and affirm.

This case arises out of a series of loans totaling $150,000 that plaintiff made to defendant. The parties executed promissory notes that provided that defendant would pay plaintiff interest at an annual rate of 10 percent and that the interest payments would be made monthly. Plaintiff ultimately filed this action and contended that defendant had ceased making payments and defaulted on the loan and that $120,000 in principal was still owed to him by defendant. Defendant asserted that he had repaid the loan in full. The jury returned a verdict in favor of plaintiff and awarded him $120,000 in damages.

After trial, plaintiff submitted a proposed judgment that included prejudgment interest. Defendant objected and the trial court determined that an award of prejudgment interest would not be appropriate in this case. It stated:

"[C]alculation of prejudgment interest cannot easily be made in this case. The evidence was in dispute about when the last payments were made on the subject obligations and no clear evidence was offered on whether those payments were principal or interest. Neither party requested a special verdict form be submitted to the jury to answer those questions. I am unable to conclude from the evidence what prejudgment interest, if any, plaintiff should recover. Since plaintiff has the burden of proof on that issue, plaintiff loses."

"[A] trial court may award prejudgment interest on damages only when the exact amount is ascertained or easily ascertainable by a simple computation or by reference to generally recognized standards such as market price and where the time from which interest should run is also easily ascertainable." *Strader v. Grange Mutual Ins. Co.*, 179 Or App 329, 338, 39 P3d 903, *rev den*, 334 Or 190 (2002). Plaintiff

asserts that the trial court erred in denying prejudgment interest because the amount of damages and date from which interest should run were readily ascertainable. Defendant responds that "[t]he exact amount of damages was not ascertained, or ascertainable, prior to the jury returning its verdict" and, accordingly, the trial court correctly denied prejudgment interest.

■ Initially, we note that "it is well settled that, 'even though damages are not ascertainable until issues of fact have been decided [by the jury], prejudgment interest is proper.'" *Id.* at 339 (quoting *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 129 Or App 206, 218, 879 P2d 193 (1994), *aff'd in part, rev'd in part*, 325 Or 46, 932 P2d 1141 (1997) (alteration in original)). Thus, that defendant disputed that he owed money to plaintiff and that the jury ultimately had to resolve that issue does not, by itself, mean that plaintiff cannot recover prejudgment interest: "Although there are questions of fact about the amounts owed, that does not mean that defendant did not owe sums certain at dates certain." *Hazelwood Water Dist. v. First Union Management*, 78 Or App 226, 231, 715 P2d 498 (1986). Accordingly, we must determine whether the amount of damages and the time from which interest should run were easily ascertainable. Because it is dispositive, we consider first whether the date from which interest would run is easily ascertainable.

■ Where a claim for prejudgment interest depends on the resolution of disputed facts, those facts are within the province of the jury to decide. *See Hoekstre v. Golden B. Products*, 77 Or App 104, 108-09, 712 P2d 149 (1985), *rev den*, 300 Or 563 (1986) (discussing *Langfus, Inc. v. Queirolo*, 64 Or App 493, 497, 669 P2d 1245, *rev den*, 296 Or 237 (1983)); *see also Miller v. C. C. Meisel Co., Inc.*, 183 Or App 148, 181, 51 P3d 650 (2002) (concluding that it was appropriate for the trial court not to submit the issue of prejudgment interest to the jury where the record contained "only one possible date" from which interest would accrue).

■ Here, although it appears that interest would begin to accrue following defendant's last payment to plaintiff, the evidence as to the correct date was in dispute. The record

before us refers to differing dates as the date of final payment. For example, during his testimony, plaintiff stated that defendant's last payment occurred in November 2004. However, a handwritten note made by defendant and admitted as an exhibit reflects payments of some kind in December 2004 and January 2005. Plaintiff contends that the handwritten note, which is defendant's own evidence, demonstrates that the last possible date a payment was made was January 14, 2005, and, therefore, that is the date from which prejudgment interest should accrue. However, the record before us is insufficient for us to meaningfully review that assertion. Plaintiff did not designate a complete transcript of the trial for the record on appeal and the portion of the transcript that plaintiff did designate does not mention defendant's exhibits. Therefore, the only witness testimony on appeal is that of plaintiff and we have before us no testimony that explains defendant's exhibits and what they are intended to demonstrate. Furthermore, the exhibit to which plaintiff refers does not, on its face, clearly demonstrate that the last payment was made on January 14, 2005. In light of the record before us, and in the absence of a jury determination of the factual issue in question, we cannot conclude that the trial court erred in refusing to award prejudgment interest. *See Abbott v. Oregon Holdings, Inc.*, 154 Or App 441, 442, 959 P2d 639 (1998) (the court could not meaningfully review assignment of error where exhibits were submitted without related explanatory testimony); *see also York v. Bailey*, 159 Or App 341, 976 P2d 1181, *rev den*, 329 Or 287 (1999) (appellant must designate a sufficient record to demonstrate that the trial court committed error).

Affirmed.