On appellant's petition for reconsideration filed September 16, reconsideration allowed; former opinion (230 Or App 554, 217 P3d 218) adhered to December 9, 2009

Jahangir FARHANG,
*Plaintiff-Appellant,*

*v.*

Razi KARIMINASER,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV06120132; A138155

222 P3d 712

354

Ackley Melendy & Kelly, LLP, and Martin M. Fisher for petition.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff petitions for reconsideration of our opinion in *Farhang v. Kariminaser*, 230 Or App 554, 217 P3d 218 (2009). In that opinion, we affirmed the judgment of the trial court, which awarded plaintiff $120,000 in damages for defendant's failure to make payments on loan obligations but denied plaintiff prejudgment interest on that award. Plaintiff seeks reconsideration relating to his sole assignment of error, that the trial court erred by denying plaintiff prejudgment interest. We allow the petition for reconsideration and adhere to the opinion.

The trial court denied plaintiff's request for prejudgment interest on the basis that the calculation of prejudgment interest could not be easily made by the court where (1) there was a factual dispute as to when defendant last made any payments on the loan, (2) there was a factual dispute as to whether those payments were for principal or interest, and (3) the verdict form did not ask the jury to resolve those factual disputes. On appeal, plaintiff argued that the trial court erred because the amount of damages and the date from which interest should have run were easily ascertainable. In particular, plaintiff contended that defendant had last made a payment on his loan obligations on January 14, 2005, relying on one of defendant's exhibits, which shows that defendant had made a payment on that date.

On review for legal error, we observed that plaintiff's designation of the record did not include the transcript of any testimony other than that provided by plaintiff himself and did not include any explanation of what defendant's trial exhibits were or what they were intended to demonstrate. In light of those omissions in the record, we concluded that we could not determine whether the trial court had erred in denying plaintiff prejudgment interest. *Id.* at 558.

In petitioning for reconsideration, plaintiff observes that one of defendant's exhibits shows that defendant made a payment on his loan obligations on January 14, 2005. Plaintiff then argues that "there is no record nor any argument before this Court that the date reflected [on that exhibit] is anything other than what [plaintiff] argued in his opening

brief." Plaintiff contends that, if his "designation of the record omits evidence that might run counter [to] his argument, the burden is on [defendant] to designate a supplemental excerpt of the record."

■ ■　Plaintiff's petition for reconsideration misunderstands the standard of review on appeal, and we grant reconsideration to explain that misunderstanding. Because we review a trial court's denial of plaintiff's request for prejudgment interest for legal error, plaintiff's burden on appeal is to demonstrate that the trial court should have, as a matter of law, awarded prejudgment interest. As we stated in the opinion, "[w]here a claim for prejudgment interest depends on the resolution of disputed facts, those facts are within the province of the jury to decide." *Id.* at 557 (citing *Hoekstre v. Golden B. Products*, 77 Or App 104, 108-09, 712 P2d 149 (1985), *rev den*, 300 Or 563 (1986) (discussing *Langfus, Inc. v. Queriolo*, 64 Or App 493, 497, 669 P2d 1245, *rev den*, 296 Or 237 (1983))). Thus, the trial court could have awarded prejudgment interest only if there were no disputed facts after the jury returned its verdict, and the court could have easily calculated the prejudgment interest based on the undisputed facts. The verdict form simply asked the jury to find in favor of either plaintiff or defendant and, if the jury found in favor of plaintiff, to "assess plaintiff's damages." The jury verdict was in favor of plaintiff and assessed damages of $120,000. The jury did not specify how it calculated that amount or when those damages accrued.

■　Accordingly, because there was no special verdict, plaintiff's initial burden on appeal is to demonstrate that the trial court erred in concluding that there was a factual dispute over the date when defendant made his last payment on the loan obligation. The resolution of that issue depends on the record that developed at trial. As the appellant, plaintiff has the burden to demonstrate that error; it is not the respondent's burden to show that the trial court did not err.

Plaintiff's reliance on evidence that he contends demonstrates that defendant made a payment on January 14, 2005, does not satisfy his burden. Plaintiff must show the date on which the last payment was made by defendant and that there was no dispute over that fact in the proceedings

before the trial court. However, we are unable to determine whether there was such a dispute based on an appellate record that does not include the transcript of any of the testimony offered by defendant or any explanation of defendant's exhibits and what those exhibits were intended to demonstrate.[1]

Reconsideration allowed; former opinion adhered to.

---

[1] We observe that plaintiff argues on reconsideration that the evidence demonstrates that defendant made his last payment not on January 14, 2005, but in November 2004.