Argued and submitted August 13, affirmed December 30, 2009

Egan Y. TASAKI
and Edwin N. Tasaki,
*Plaintiffs-Respondents,*

*v.*

Lee N. MORIARTY,
*Defendant-Appellant.*

Deschutes County Circuit Court
05CV0323MA; A139285

225 P3d 68

Steven K. Chappell argued the cause and filed the briefs for appellant.

Gerald A. Martin argued the cause for respondents. With him on the brief were Martin E. Hansen and Francis Hansen & Martin, LLP.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Plaintiffs agreed to buy property from defendant and deposited $25,000 in escrow as earnest money. Defendant delayed, and, as a result, the sale did not close. Plaintiffs filed an action against defendant for breach of the purchase contract, seeking specific performance, or, "[i]n the event [that] specific performance is not available," return of their earnest money. The trial court declined to order specific performance, but ordered that defendant return the earnest money.[1] The court also awarded plaintiffs prejudgment interest and $27,174.50 in attorney fees and costs. Defendant appeals the judgment in plaintiffs' favor, arguing that the trial court erred, first, in designating plaintiffs as the prevailing party in the action; second, in awarding plaintiffs the full amount of attorney fees requested; and, third, in awarding prejudgment interest. We affirm.

■ Defendant first argues that the trial court erred in designating plaintiffs as the prevailing party for purposes of attorney fees. He contends that he "should be awarded his attorney fees for successfully contesting [plaintiffs'] claim for specific performance" and that plaintiffs "should be awarded [only those] attorney fees [incurred in] successfully obtaining the return of the $25,000 earnest money." The court's decision, he contends, was based on the action as a whole, rather than on a claim-by-claim basis, as required by ORS 20.077.

ORS 20.077 governs our determination of the prevailing party "[i]n any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required." That statute provides, in part:

"(2) For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment * * * on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court * * * shall:

"(a) Identify each party that prevails on a claim for which attorney fees could be awarded;

---

[1] Defendant filed a counterclaim for breach of contract against plaintiffs. The trial court denied that claim, and it is not at issue in this appeal.

"(b)   Decide whether to award attorney fees on claims for which the court * * * is authorized to award attorney fees, and the amount of the award;

"(c)   Decide the amount of the award of attorney fees on claims for which the court * * * is required to award attorney fees; and

"(d)   Enter a judgment that complies with the requirements of ORS 18.038 and 18.042."

In this case, only one claim was asserted "for which an award of attorney fees is either authorized or required": breach of the parties' purchase contract. Based on that breach, plaintiffs sought *either* specific performance *or*, in the alternative, return of their earnest money. Although the specific performance section of the complaint is captioned "First Claim for Relief" and the return of earnest money section is captioned "Second Claim for Relief," the second section simply incorporates by reference all of the allegations in the first section and specifies an alternative form of relief. As the parties acknowledge, plaintiffs neither requested, nor logically could have received, both remedies. Defendant received no relief on either allegation. The court concluded that defendant had breached the contract, finding that defendant's delay made it impossible for plaintiffs to timely complete the transaction, and ordered that defendant return the earnest money. Thus, plaintiffs were "the part[ies] who receive[d] a favorable judgment * * * on the [breach of contract] claim." The trial court did not err.

█ █   In his second assignment of error, defendant argues that the trial court erred in awarding plaintiffs the full amount of attorney fees requested because a number of those requested fees were inappropriate, excessive, or unreasonable. A determination involving the amount of an award of attorney fees is a question of fact as to which the court has wide discretion and will be set aside only if it is not supported by substantial evidence. *Parrott v. Carr Chevrolet, Inc.*, 156 Or App 257, 282, 965 P2d 440 (1998), *aff'd in part and rev'd in part on other grounds*, 331 Or 537, 17 P3d 473 (2001). We cannot say that the court abused its discretion in this case. Further, although defendant correctly points out that plaintiffs' answering brief did not address defendant's specific

objections, defendant himself in his opening brief simply lists the objections without presenting any argument supporting them. We reject defendant's second assignment of error without further discussion.

■　　　Finally, defendant argues that the trial court erred in awarding plaintiffs prejudgment interest, because plaintiffs' pleading foundation was inadequate to establish entitlement to such interest. We review the court's award of prejudgment interest for legal error, *see Gerber v. O'Donnell*, 81 Or App 262, 265-66, 724 P2d 916 (1986), and we conclude that the court did not err.

■　　　Recently, in *Emmert v. No Problem Harry, Inc.*, 222 Or App 151, 158, 192 P3d 844 (2008), we restated the well-established rule that, in an action at law, a party must specifically plead a foundation for prejudgment interest. That rule requires that the party (1) request prejudgment interest in the prayer of the complaint and (2) plead facts sufficient to state a claim for prejudgment interest in the body of the complaint. *Id.* In *Emmert*, the plaintiff prayed for prejudgment interest and specified, in both the prayer and in the body of its amended complaint, the amount that it claimed it was due exclusive of interest and the dates during which it was deprived of that amount. *Id.* at 158-59. Accordingly, we concluded that the trial court had not erred in awarding prejudgment interest. *Id.* at 159.

Despite our detailed restatement of what must be pleaded to establish entitlement to prejudgment interest in *Emmert*, plaintiffs assert, and defendant agrees, that an inconsistency exists in our case law in that regard because of *Lutz v. Jawad & Haidar Y. Abulhasan Co.*, 86 Or App 74, 739 P2d 26, *adh'd to as modified on recons*, 88 Or App 69, 744 P2d 279 (1987). Plaintiffs cite *Lutz* in support of their argument that a party need not request prejudgment interest in the prayer of the complaint. In that case, the trial court awarded the plaintiff prejudgment interest despite the fact that the plaintiff had not raised the issue of prejudgment interest until after the trial. *Lutz*, 88 Or App at 71. We held that the trial court had not erred because, under ORCP 23 and ORCP 12 A, the trial judge had properly treated the pleadings as amended. *Id.*

*Lutz* does not support plaintiffs' argument. Nor is there any inconsistency between *Lutz* and *Emmert*. The fact that the trial court in *Lutz* treated the pleadings as amended indicates that those pleadings would have been insufficient to establish an entitlement to prejudgment interest had they *not* been treated as amended—that is, as written, without both a prejudgment interest request in the prayer of the plaintiff's complaint and facts sufficient to state a claim for prejudgment interest in the body of the complaint. Moreover, *Lutz* is inapplicable to the facts of this case because, here, the court did not treat the pleadings as amended.

We must determine, then, whether plaintiffs have (1) requested prejudgment interest in the prayer of the complaint and (2) pleaded facts sufficient to state a claim for prejudgment interest in the body of the complaint. *Emmert*, 222 Or App at 158. On appeal, defendant argues that plaintiffs did neither. Plaintiffs concede that they failed to request prejudgment interest in their prayer. They rely solely on their misreading of *Lutz*, stating that, as in *Lutz*, the issue of prejudgment interest in this case was first raised in the proposed form of judgment that they submitted after the trial, but that they are entitled to that interest nonetheless because they alleged the amount due exclusive of interest and the dates during which they were deprived of that amount.

Plaintiffs concede too much. Plaintiffs' prayer reads, "Plaintiffs pray * * * [f]or judgment against the Defendant in the sum of Twenty Five Thousand Dollars ($25,000) *together with any interest accumulated on such sum*[.]" (Emphasis added.) While not a model of clarity, that request is sufficient to satisfy the first pleading requirement. Moreover, plaintiffs are correct that they have pleaded facts sufficient to establish entitlement in the body of their amended complaint: as in *Emmert*, plaintiffs specified the amount that they claimed they were due exclusive of interest—$25,000—and the dates during which they were deprived of that amount—from April 26, 2005, the date of the breach, until the date of the judgment. The trial court, therefore, did not err in awarding plaintiffs prejudgment interest.

Affirmed.