Argued and submitted July 17, affirmed September 12, 2012

**Louis L. SPAID,**
an individual,
*Plaintiff-Appellant,*

*v.*

**4-R EQUIPMENT, LLC,**
an Oregon corporation,
*Defendant-Respondent.*

Deschutes County Circuit Court
06CV0275MA; A146613

287 P3d 1138

Roxanne L. Farra argued the cause and filed the briefs for appellant.

Melinda M. Thomas argued the cause for respondent. With her on the brief was Bryant, Lovlien & Jarvis, P.C.

Before Armstrong, Presiding Judge, and Brewer, Judge, and Duncan, Judge.

BREWER, J.

**BREWER, J.**

Plaintiff sued defendant for age discrimination under ORS 659A.030 and wrongful discharge.[1] A jury returned a verdict in plaintiff's favor for $200,000 in "[l]ost back wages and benefits" and $10,000 in noneconomic damages. Plaintiff assigns as error the trial court's denial of prejudgment interest on the back pay award. We affirm.

We review the trial court's denial of an award of prejudgment interest for errors of law. *Tasaki v. Moriarty*, 233 Or App 51, 55, 225 P3d 68 (2009). The pertinent facts are procedural and are not in dispute. In his amended complaint, plaintiff asserted claims for age discrimination under ORS 659A.030 and for common law wrongful discharge.[2] In both claims, plaintiff alleged that (1) "on February 11, 2005, [defendant] involuntarily terminated [plaintiff's] employment"; (2) at the time of his termination, "[plaintiff] earned $93,248.03 per year from [defendant]," plus health insurance and other employee benefits; (3) as a result of the unlawful termination, plaintiff "lost wages and benefits and sustained future wage loss in an amount to be determined at trial," but not to exceed $500,000; and (4) plaintiff also suffered noneconomic damages not to exceed $100,000. In a prayer for relief that applied to both claims, plaintiff asserted that he was entitled to "prejudgment interest" and "[s]uch other equitable relief as the court may deem necessary and proper."

As noted, the jury returned a verdict in favor of plaintiff for $200,000 in back pay and benefits and an additional $10,000 in noneconomic damages. The jury did

---

[1] ORS 659A.030(1)(a) provides:

"It is an unlawful employment practice:

"(a) For an employer, because of an individual's race, color, religion, sex, sexual orientation, national origin, marital status or age if the individual is 18 years of age or older, or because of the race, color, religion, sex, sexual orientation, national origin, marital status or age of any other person with whom the individual associates, or because of an individual's juvenile record that has been expunged pursuant to ORS 419A.260 and 419A.262, to refuse to hire or employ the individual or to bar or discharge the individual from employment. However, discrimination is not an unlawful employment practice if the discrimination results from a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business."

[2] The trial court granted defendant's motion for a directed verdict on the wrongful discharge claim. That ruling is not at issue on appeal.

not award any front pay to plaintiff. The parties did not submit the issue of plaintiff's entitlement to prejudgment interest to the jury, nor was the jury instructed to make any findings of fact with respect to that issue.

Plaintiff was terminated at age 59 and was 64 years old at the time of trial. At trial, the jury was presented with conflicting evidence as to plaintiff's planned retirement age, had he not been terminated by defendant. Plaintiff testified that he had planned to continue working until he reached age 70. Plaintiff's wife testified that he had planned to retire at age 65. Plaintiff's expert witness, Accaragui, testified that plaintiff said that he had planned to work through age 66, and plaintiff's coworker, Baughman, testified that, while plaintiff was still working for defendant, he had said that he planned to retire in about two years. Another coworker, Geer, also testified that plaintiff had told him that he planned to retire in about two years. Furthermore, the jury heard conflicting evidence as to whether defendant had offered plaintiff alternative employment at reduced wages. Defendant's owner and manager, Robinson, testified that he had offered plaintiff a job as a heavy equipment operator at $40,000 to $50,000 per year. Plaintiff testified that he was not offered alternative employment. However, Baughman testified that plaintiff had told him that Robinson had offered plaintiff a different job running a "dozer" at $18.00 per hour. Geer testified that plaintiff had told him that Robinson had offered him a job as a heavy equipment operator, but plaintiff would not work for a reduced hourly wage.

Evidence also was adduced at trial that the amount of plaintiff's wages fluctuated significantly over the course of his employment depending, at least in part, on the number of hours that plaintiff worked in a year. Robinson testified that, between 1997 and 2004, plaintiff's wages generally increased but there were a few years (1998 and 2000) where his wages decreased, and that his hours also began dropping at some point.

After the jury returned its verdict, plaintiff submitted a proposed general judgment and provided the trial court with a spreadsheet detailing his prejudgment interest calculation. Plaintiff requested prejudgment

interest on his back pay award in the amount of $70,199.95, based on the assumption that he would have earned back pay beginning on March 25, 2005—when he received his last severance payment—at a rate of $100,000 per year for a period of two years. Defendant objected to the inclusion of prejudgment interest on the back pay award. Defendant raised four particular objections: (1) plaintiff failed to plead a sufficient foundation for prejudgment interest; (2) the "amount of damages" upon which prejudgment interest would accrue was not ascertainable because the jury did not provide the mathematical calculation that it used to arrive at its $200,000 back pay award; (3) the time from which prejudgment interest should run was not ascertainable for the same reason; and (4) defendant should not be penalized for "trial delays beyond its control."[3]

The trial court ultimately entered a general judgment without interest on the back pay award. In a letter opinion, the court reasoned as follows:

> "In his first Amended Complaint, the Plaintiff did include in the prayer for relief a claim for prejudgment interest. However, the Complaint does not state which portion of the claimed damages should be subject to prejudgment interest.

> "The jury returned a verdict for $210,000. The verdict did specify that $200,000 was awarded for lost back wages and benefits. In Plaintiff's proposed General Judgment, Plaintiff seeks an award of prejudgment interest 'at 9 per cent per annum on the award of $200,000 for lost back wages and benefits for the period March 25, 2005 to the date of entry of judgment.'

> "The Plaintiff seeks prejudgment interest on the full $200,000 awarded for back wages and benefits from the date of his termination to the date of the entry of judgment. However, the jury award of $200,000 for lost back wages and benefits was an amount awarded from the date of Plaintiff's termination to the time of trial. There was no finding by the jury that the Plaintiff was entitled to $200,000 <u>on the date of his termination, or any further specification as to when the plaintiff was entitled to any specific amount.</u>

---

[3] Defendant does not renew the last of those four arguments on appeal.

"Although the Plaintiff may be entitled to some award of prejudgment interest, the Court rejects Plaintiff's argument that he is entitled to prejudgment interest from the date of his termination on the full award of $200,000 for back wages and benefits.

"Therefore, the Court sustains the Defendant's objection to Plaintiff's proposed General Judgment that would award the Plaintiff prejudgment interest on the award of $200,000 for lost back wages and benefits from March 25, 2005 to the date of the entry of judgment."

(Underscoring in original.) On appeal, plaintiff challenges the entry of the judgment without the award of prejudgment interest that he requested. The parties square off over the same issues with which the trial court grappled in reaching its decision. We address those issues in turn.

We begin with the issue of the sufficiency of plaintiff's amended complaint to assert a right to recover prejudgment interest. In *Emmert v. No Problem Harry, Inc.*, 222 Or App 151, 158, 192 P3d 844 (2008), we summarized those pleading requirements as follows:

"To [plead a right to recover prejudgment interest], [a] party must (1) request prejudgment interest in the prayer and (2) plead facts sufficient to state a claim for prejudgment interest. *Shepherd v. Hub Lumber Co.*, 273 Or 331, 349, 541 P2d 439 (1975). Those facts supporting a party's claim for prejudgment interest must be stated in the body of the party's complaint. *See Laursen v. Morris*, 103 Or App 538, 547, 799 P2d 648 (1990), *rev den*, 311 Or 150 (1991) ('[W]ith respect to stating a claim for prejudgment interest, the prayer is not part of the statement of the claim. Only if the facts pleaded are sufficient to state a claim for it may prejudgment interest be awarded.')"

Where courts have found that prejudgment interest has been sufficiently pleaded in the body of the complaint, the claimants often have specified the amounts that they claimed were due exclusive of interest and the dates during which they were deprived of that amount. *See Emmert*, 222 Or App at 158-159 ("Plaintiff in this case prayed for prejudgment interest and specified in both the prayer and the body of its amended complaint the amount it claimed it was due exclusive of interest—$220,411.00—and the dates

during which it was deprived of that sum—'as of May 7, 2002.'"); *Holman Transfer Co. v. PNB Telephone Co.*, 287 Or 387, 406, 599 P2d 1115 (1970) (plaintiff's complaint alleges "the exact amount claimed to be due and the dates during which plaintiff claimed it was deprived of the use of its money"); *Tasaki*, 233 Or App at 56 ("[A]s in *Emmert*, plaintiffs specified the amount that they claimed they were due exclusive of interest—$25,000—and the dates during which they were deprived of that amount—from April 26, 2005, the date of the breach, until the date of the judgment.").

In light of that authority, defendant asserts that plaintiff's pleading was deficient in three respects. First, defendant asserts that the allegation that plaintiff "lost wages and benefits and sustained future wage loss in an amount to be determined at trial, but not to exceed $500,000," lumped together the amount of damages claimed for back pay and front pay or, in the words of the trial court, "the Complaint does not state which portion of the claimed damages should be subject to prejudgment interest."

Second, defendant argues that plaintiff also failed to allege the specific dates during which he was entitled to back pay. In particular, plaintiff alleged that he was involuntarily terminated on February 11, 2005; however, the evidence at trial showed that plaintiff was paid for four weeks after his termination, a fact that was not alleged in plaintiff's amended complaint. Although in his post-verdict request for prejudgment interest, plaintiff took those four paid weeks into account when calculating the amount of prejudgment interest, according to defendant, "that fact does not salvage the pleading deficiencies[.]"

Third, defendant contends that plaintiff failed to allege the date through which he was deprived of wages that he would have earned had he not been terminated. Plaintiff was terminated on February 11, 2005, at age 59. As noted, there was conflicting evidence as to plaintiff's plans for retirement, including statements that he made to coworkers while he was still employed by defendant that he planned to retire in about two years. As defendant sees things, plaintiff would have been entitled to back pay only for the period of time that he would have continued working had he not been

terminated, so a specific allegation as to both the beginning and the end of that period was necessary to establish an adequate foundation for a prejudgment interest award.

Finally, defendant asserts that plaintiff's request for prejudgment interest in his prayer for relief was deficient. Relying on *Laursen*, defendant argues that, "[w]hen there are different claims for relief, the pleadings and the prayer must request interest on each claim." Defendant notes that the prejudgment interest request did not indicate which of plaintiff's two claims that it applied to nor did it specify the category of damages to which it applied.

We reject each of defendant's arguments regarding the sufficiency of plaintiff's request for recovery of prejudgment interest because they overstate the technicality of the applicable pleading requirements. First, we note that defendant did not challenge the sufficiency of plaintiff's pleading in a pretrial motion. In that light, we are especially inclined, as we must at every stage of the proceedings, to liberally construe the pleading "with a view of substantial justice between the parties," and to "disregard any error or defect in the pleadings * * * which does not affect the substantial rights" of defendant. ORCP 12 A, B. Taking defendant's arguments in reverse order, it is obvious from the form of the prayer of plaintiff's amended complaint that the prejudgment interest claim applied to both asserted claims for relief. Likewise, although the request in the prayer did not confine itself to the back pay request, plaintiff has never asserted that he was entitled to prejudgment interest on his request for front pay—which, in any case, the jury did not award—or noneconomic damages. In short, even if greater particularity had been required in the prayer, there is no indication that defendant was prejudiced in any respect by such a defect.

Defendant's challenges to the sufficiency of the body of plaintiff's pleading are similarly misplaced. Plaintiff alleged his termination date, he alleged an unsegregated amount of front and back pay for both claims, and he alleged that, at the time of his discharge, he earned $93,248.03 per year, plus health insurance and other employee benefits. Plaintiff's back pay claim was triggered by his termination;

the payment of severance pay was a matter in mitigation. Plaintiff was unable before trial to finally segregate his requests for front and back pay because, until the jury reached a verdict, those precise amounts could not be ascertained. In short, by pleading the amount of his annual salary, his termination date, and a combined amount of front and back wage loss, plaintiff alleged sufficient facts—that could be amply supplemented by discovery—to enable defendant to understand and defend against plaintiff's request for prejudgment interest.

We next address defendant's argument that plaintiff failed to solicit factual findings by the jury from which prejudgment interest could be ascertained. That argument is resolved by resort to several settled legal principles. First, even where a claimant's damages are not ascertainable until issues of fact have been decided by the jury, prejudgment interest can be properly awarded. *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 129 Or App 206, 218, 879 P2d 193 (1994), *aff'd in part, rev'd in part*, 325 Or 46, 932 P3d 1141 (1997). Second, where a claim for prejudgment interest depends on the resolution of disputed facts, those facts are within the province of the jury to decide. *Farhang v. Kariminaser*, 230 Or App 554, 557, 217 P3d 218, *adh'd to on recons*, 232 Or App 353, 222 P3d 712 (2009). Third, as a corollary, a trial court may award prejudgment interest on damages that a jury has awarded when the exact amount is ascertained or easily ascertainable. *Strader v. Grange Mutual Ins. Co.*, 179 Or App 329, 338, 39 P3d 903 (2002).

According to defendant, plaintiff's claim for prejudgment interest required the resolution of disputed facts as to the period of time during which he was deprived of back pay and as to the amount of wages that he would have earned during that period had he not been terminated. Without resolution of these facts, defendant urges, the exact amount of prejudgment interest was unascertainable. In defendant's view, plaintiff merely urged the trial court to adopt his own assumptions as to how the jury arrived at its back pay award so that prejudgment interest could be calculated. In doing so, defendant argues, plaintiff "attempt[ed] to invade the province of the jury."

In *Farhang*, we reviewed the trial court record to consider when prejudgment interest began to accrue in an action for breach of a promissory note. Although the jury had returned a verdict for the plaintiff, the evidence was in dispute as to when the last payments under the promissory note had been made and whether those payments applied to principal or interest. Neither party requested a special verdict form to be submitted to the jury to answer those questions. Accordingly, the trial court was unable to ascertain the exact amount of prejudgment interest, and it denied the plaintiff's request for prejudgment interest. On appeal, we concluded that,

> "[i]n light of the record before us, and in the absence of a jury determination of the factual issue in question, we cannot conclude that the trial court erred in refusing to award prejudgment interest."

230 Or App at 558. On reconsideration, we clarified that,

> "because there was no special verdict, plaintiff's initial burden on appeal is to demonstrate that the trial court erred in concluding that there was a factual dispute over the date when defendant made his last payment on the loan obligation. The resolution of that issue depends on the record that developed at trial. As the appellant, plaintiff has the burden to demonstrate that error; it is not the respondent's burden to show that the trial court did not err."

232 Or App at 356. We elaborated that the "[p]laintiff must show the date on which the last payment was made by defendant and that there was no dispute over that fact in the proceedings before the trial court." *Id.* at 356-57.

In an earlier case, *Ogden v. Bureau of Labor & Industries*, 299 Or 98, 105, 699 P2d 189 (1985), the Supreme Court considered an employer's objection to an award of prejudgment interest made by the Labor Commissioner in favor of the claimant, who alleged that she was turned down for a job because of her age. The commissioner calculated the prejudgment interest by assuming that the entire amount of damages became due on the date of the claimant's rejection. The court concluded that the commissioner had erred in doing so, and it remanded the order to the commissioner

to recalculate prejudgment interest based on "when [the claimant] would have received her pay had she been hired, or by some other legally defensible formula." *Id.* at 105.

According to defendant, this case is analogous to *Farhang* and *Ogden,* because there were factual disputes before the jury as to the amount of plaintiff's pay, including whether he was offered alternative employment, as well as plaintiff's expected retirement date, which would cabin his entitlement to back pay, leaving the court to speculate as to when, in what amounts, and for how long plaintiff would have received his pay had he not been terminated. According to defendant, the trial court correctly saw the fatal flaw in plaintiff's request when it observed that "[t]here was no finding by the jury that the Plaintiff was entitled to $200,000 on the date of his termination, or any further specification as to when the Plaintiff was entitled to any specific amount."

We begin our analysis with a proposition on which the parties agree: prejudgment interest is recoverable on a back pay award in a statutory age discrimination case. *See Ogden,* 299 Or at 105 ("The Court of Appeals correctly held that prejudgment interest is allowable under [*former*] ORS 659.010(2)(a) in order to protect the claimant against the effects of the unlawful practice[.]").[4] From that point, though, their positions diverge in polar directions. To unravel the parties' dispute, we turn to the case law underlying this

---

[4] *Former* ORS 659.010(2) authorized the commissioner of the Bureau of Labor and Industries to issue cease and desist orders for the purpose of "eliminat[ing] the effects of any unlawful practice found[.]" The current embodiment of that authority is found in ORS 659A.850(4)(a)(B), which provides:

"After a hearing under this section, the commissioner shall issue an appropriate cease and desist order against any respondent found to have engaged in any unlawful practice alleged in the complaint. The order must be signed by the commissioner and must take into account the need to supervise compliance with the terms of [the] order. The order may require that the respondent:

"(a) Perform an act or series of acts designated in the order that are reasonably calculated to:

"* * * * *

"(B) Eliminate the effects of the unlawful practice that the respondent is found to have engaged in, including but not limited to paying an award of actual damages suffered by the complainant and complying with injunctive or other equitable relief[.]"

court's decision in *Farhang*. In support of our conclusion in that case that, where entitlement to prejudgment interest depends on the resolution of disputed facts, such facts are within the province of the jury to decide, we relied on three previous decisions of this court. In the earliest of those cases, *Langfus, Inc. v. Queirolo*, 64 Or App 493, 668 P2d 1245, *rev den*, 296 Or 237 (1983), a seller initiated an action to recover from the buyer the balance of the purchase price of carpets. We concluded that the trial court had erred in awarding prejudgment interest to the seller where the jury's verdict did not mention interest. We relied on ORCP 61 A(2), which provides, in part:

> "When a general verdict is found in favor of a party asserting a claim for the recovery of money, the jury shall also assess the amount of recovery[.]"

We concluded that, "[a]lthough the jury is not required to compute the amount of interest, the verdict must provide for the recovery of interest before the court may include interest in the judgment and compute the specific amount due. Here the verdict did not mention interest." *Langfus*, 64 Or App at 497. Accordingly, we modified the judgment to strike the provision for prejudgment interest. *Id.*

In *Hoekstre v. Golden B. Products, Inc.*, 77 Or App 104, 712 P2d 149 (1985), *rev den*, 300 Or 563 (1986), an individual defendant in a shareholder's derivative action brought an action against the attorney who had represented him in the derivative action, charging the defendant with negligence in his representation at trial and on appeal. One of the issues on appeal from a judgment for the plaintiff was whether interest that had accrued on the judgment in the derivative action was an element of the plaintiff's damages arising from the defendant's malpractice. The defendant argued that the plaintiff's entitlement to interest presented a jury question and, relying on *Langfus*, the defendant asserted that interest must appear in the jury's verdict to be recoverable. We disagreed:

> "That reliance is wholly misplaced. [*Langfus*] involved a claim for prejudgment interest which depended on the resolution of disputed facts which would be within the province of the jury to decide. Because the claim was

not submitted to the jury, the judgment for interest was disallowed.

"In this case, plaintiff moved for a directed verdict as to its right to recover interest on the Hoekstre case judgment if the jury returned a verdict in his favor, and the court granted the motion. Plaintiff's right to recover that interest does not rest on a factual issue, and the court properly removed that element of damages from the jury's consideration. Interest accrues on a judgment automatically, as a matter of law. ORS 82.010(3). If the jury were to decide, as it did, that defendant's negligence caused a judgment to be entered against plaintiff in the Hoekstre case, the interest accrued on that judgment is a necessary element of plaintiff's damages. There is no question of fact as to the rate of interest or the date from which it began to accrue, because both are provided by statute. Neither is there a factual question as to whether the interest accrued on the judgment; it did so automatically."

*Hoekstre*, 77 Or App at 109.

In *Miller v. C. C. Meisel Co., Inc.*, 183 Or App 148, 51 P3d 650 (2002), the plaintiff sued his former employer, asserting alternative counts for breach of contract and for unpaid compensation, based on an alleged agreement that the plaintiff would be paid 20 percent of the value that he had "added" to the employer. The trial court entered judgment for the plaintiff on a jury verdict awarding the plaintiff, among other sums, $1.36 million as compensation under the agreement. The trial court also awarded prejudgment interest on the recovery. Relying on *Hoekstre* and *Langfus*, the defendant asserted on appeal that, because the jury had not made such an award, the trial court lacked authority to do so. We acknowledged the effect of ORCP 61 A(2). However, we continued:

"[I]n the case of a special verdict, ORCP 61 B provides that '[t]he court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact.' Moreover, no statute presently requires a trial court to submit to the jury a question about damages where there are no issues of fact involved. *See* [*Hoekstre*] (in a case involving a special verdict, where the plaintiff's right to recover interest did not rest on a factual issue, the court

properly removed that element of damages from the jury's consideration and awarded interest as a matter of law).

"In *Krieg v. Union Pac. Land Res. Corp.*, 269 Or 221, 234, 525 P2d 48 (1974), the court held that 'interest on unliquidated damages for breach of contract is proper, where (1) the exact amount of damages is either ascertained or readily ascertainable; and (2) the time from which the interest runs is easily ascertained.' Thus, defendant's arguments turn on whether the date of accrual of interest and the amount due were easily ascertainable after the jury had determined that the parties entered an agreement for 20 percent of the added value, payable when plaintiff retired or defendant was sold.

"As to the date on which interest would begin to accrue, the record contains only one possible date, based on the terms of the agreement stating that 'whatever [plaintiff] could make the company worth, less the $1.2 million times 20 percent, would be what [plaintiff] would get when [he] either retired or the company were sold.' The record showed that plaintiff retired on February 28, 1997. No evidence was presented that would support any date for the commencement of interest other than the date of retirement. The trial court did not err in ruling that the date was ascertainable as a matter of law.

"As to the amount of damages on which interest would accrue, the trial court was also correct that it could be calculated with certainty as soon as the jury determined the existence of the 20 percent agreement. In [*Strader*], when confronted with a case where the jury heard conflicting evidence about the amount of damages based on evidence of actual expenses and prevailing market notes, we stated:

"'By now, it is well settled that, "even though damages are not ascertainable until issues of fact have been decided [by the jury], prejudgment interest is proper." [*Goodyear Tire & Rubber Co.*, 129 Or App at 218.] Put another way, "[a]lthough there are questions of fact about the amounts owed, that does not mean that defendant did not owe sums certain at dates certain." *Hazelwood Water Dist. v. First Union Management*, 78 Or App 226, 231, 715 P2d 498 (1986).'

"In *Strader*, the defendant raised almost identical arguments as are raised here. It argued that the amount of damages was not ascertainable because the plaintiffs had submitted varying claims at different times before and during trial, because the amount plaintiff ultimately pleaded differed from their pretrial claims, and because both of those amounts differed from the amount awarded by the jury's. We rejected the arguments in *Strader* for the same reasons that we reject defendant's arguments here. Under the terms of the parties' agreement, the amount of damages was 20 percent of the fair market value of defendant. The uncertainty of the value of defendant does not detract from the amount of damages because the latter is calculable once fair market value of defendant is determined. In other words, it was always within the ability of the parties to ascertain the amount of compensation owed under the agreement. We conclude that, after the factual issues were determined by a jury, the trial court properly [awarded] prejudgment interest."

*Miller*, 183 Or App at 181-82. (Emphasis omitted; footnote omitted.)

Finally, in *Farhang*, the plaintiff, on appeal from the trial court's denial of his request for prejudgment interest in an action on a loan, failed to provide this court with a record that was adequate to demonstrate that the trial court had erred in concluding that there was a factual dispute about the date when the defendant made his last payment on the loan. Although the appellate record included one of the debtor's exhibits from trial and that exhibit contained a date that purportedly was the date of the debtor's last payment, the record did not include the transcript of any of the testimony that the debtor offered or any explanation of the debtor's exhibits and what those exhibits were intended to demonstrate. We concluded that, because there was no special verdict, and the plaintiff had not demonstrated the absence of pertinent disputed evidence regarding the last payment date on the loan, the plaintiff had failed to demonstrate that the trial court erred in failing to award prejudgment interest. 232 Or App at 356.

In this case, defendant correctly observes that, in the absence of a special verdict resolving issues of fact

pertaining to an award of prejudgment interest, the trial court did not err in declining to make such an award unless the pertinent facts were undisputed. On the other hand, we agree with plaintiff that several of the purported factual disputes on which defendant relies evaporate in the face of the jury's award. First, we agree with plaintiff that it does not matter, for purposes of a prejudgment interest award, whether the jury believed that plaintiff would have retired at any particular one of the various possible dates that the conflicting evidence suggested. Plaintiff's interest calculation assumed, in accordance with *defendant's* evidence, that plaintiff would have retired in two years after his discharge. Therefore, any uncertainty about the jury's disposition of that issue could not prejudice defendant. Second, we agree with plaintiff that there is no pertinent dispute regarding the accrual date of prejudgment interest in this case. The undisputed evidence showed that plaintiff received his last severance payment on March 25, 2005. As set out in the calculation that plaintiff submitted to the trial court, prejudgment interest necessarily accrued from that date, not the earlier date when plaintiff was discharged. As respects the two foregoing disputes, our decision in *Miller* answers defendant's challenge.

The difficulty for plaintiff is that there is another disputed issue of fact that cannot be so easily dispatched. As defendant observes:

"The jury, however, heard conflicting evidence as to what Plaintiff's earnings might have been had he continued to work for Defendant. [Robinson] testified that he offered Plaintiff alternative employment with a base salary of $40,000.00 to $50,000.00 per year. The testimony of two of Plaintiff's co-workers, Baughman and Geer, corroborated this, although the offered wages were expressed as an hourly rate rather than as a yearly salary. Therefore, the jury could have reasonably determined that the amount of back pay that Plaintiff was entitled to was based on the amount of wages he would have earned under Defendant's offer of alternative employment, rather than on the amount of wages he was earning on the date of his termination. Furthermore, the jury heard evidence that Plaintiff's earnings fluctuated significantly from year to year, depending in part on how many hours he worked in a

year and whether he had earned overtime pay. In awarding $200,000.00 for back pay, without specifying the basis for that amount, the jury did not provide enough information from which the exact amount of prejudgment interest on its back pay award could be ascertained."

Plaintiff protests that

"[t]wo years of employment times $40,000.00 is $80,000.00, or $120,000.00 less than the jury's back pay award. Two (2) years of employment times $50,000.00 is $100,000.00, or one half less than the total award. It is undisputed that the only other evidence the jury heard was that, at the time of his employment termination, Plaintiff was earning right at $100,000.00 a year, including his benefits. The jury's $200,000.00 back pay award is entirely in keeping with this evidence."

Although plaintiff is correct that the jury may well have used his posited assumptions in arriving at the damage award, it also may have used a different formula. For example, the jury could have made its calculation based on an unstated finding that plaintiff would have worked for an additional five years, until age 64, at an annual salary of $40,000 in pay and benefits or, alternatively, that plaintiff would have worked for four additional years at $50,000 per year. Moreover, the jury could have found that defendant would have worked for two or more additional years but would have been working fewer hours (and receiving lower wages per year) as he continued to work. Although plaintiff's periodic pay intervals were not disputed, if the amount of back pay and benefits accrued at each interval was substantially lower than the amount plaintiff used in his calculations, the total amount of prejudgment interest would vary accordingly.

It is tempting to acknowledge that, regardless of that uncertainty, there must be an irreducible amount of prejudgment interest that the evidence in this case would require, and to remand to the trial court to calculate and impose that amount. The difficulty is that, unlike in *Ogden*, where the Supreme Court remanded the case to the Labor Commissioner for a similar purpose, in this case, the jury—not the trial judge—was required to determine the pertinent

disputed facts to arrive at the proper calculation. Because that did not occur, we are unable to conclude that the trial court erred in failing to make an award of prejudgment interest in this case.

Affirmed.